ALLISON
*vs*
BATES.

---

TRESPASS.

Case 19.

Oct. 1.

The case stated.

"I give to my son-in-law and daughter, in addition to the 8 negroes formerly given, the following, to-wit: J. W. H. E. B. M. and her child, also, S. M. and G. to serve them 8 years and then to be free," this clause construed to give freedom

## Allison, a man of color *vs* Bates.

### APPEAL FROM THE CLAY CIRCUIT.

*Will, construction of.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

THIS is a suit for freedom brought by Allison, a man of color, against Stephen W. Bates. He claims his freedom under the will of John Bates, deceased; Stephen W. Bates claims him as legatee under the same will. The Circuit Court having decided against his right to freedom, he has appealed to this Court. And as his case depends upon the construction of the will of John Bates, deceased, and involves the freedom of other slaves, to-wit: Berry, Jane, Clabourn, Theophilus, Cuffey, and Elsey, who have also suits depending for their freedom against said S. W. Bates, and Wesley, who has a suit depending against John Morris for his freedom, claiming the same under the devise in said will to Wm. E. Walker and wife; it was agreed by the said persons of color and their counsel, and also by said S. W. Bates and Morris, and the agreement spread on the record, in substance, that their cases should await and abide the decision of this Court in the case of Allison against Bates.

John Bates, deceased, after devising a large and valuable estate to his son-in-law, Wm. E. Walker and wife, introduces in his will the following devise.

"I also give to my said son-in-law and daughter, in addition to the eight negroes formerly given, the following, to-wit: James, Westley, John, Berry, Emely, Bill, Mariah and her child, also, Stephen, Margaret, and Green, to serve them eight years and then to be free, also, little Green absolutely, unless redeemed by Mrs. Todd, and should Hannah, Margaret, and Green desire to stay near

my son-in-law, I desire that he shall let them have a spot of land to make a support upon."

And after devising a large and valuable estate to Stephen W. Bates, he introduces the following clause: "I also give my nephew, S. W. Bates, Joe, Nash and his wife, Berry and his wife, Lewis Davis and his two children, Cuffee, and Allison, Abraham's wife and his two children, Elsey, Clabourn, Theophilus, and Betsey, Rhoda's children, Isaac Butcher and his wife, to serve eight years, and Rhoda I set free."

It is contended on the one side, that the words, "to serve eight years and then to be free," in the first clause, applies only to Stephen, Margaret. and Green, and not to all the persons named in the clause; and that the words "to serve eight years," in the second clause, applies only to Rhoda's children, Isaac Butcher and his wife. And on the other side it is contended, that the words "to serve eight years, and then to be free," applies to and entitles all the persons named in the first clause preceding those words, to their freedom, after the service of eight years, and that the words "to serve eight years," in the second clause, entitles all the persons named in said clause preceding those words, to their freedom, after the service of eight years.

And with this latter interpretation of the clauses in question we entirely concur. And without stoping to analyse the will or to give the reasons at large which have brought us to this conclusion, suffice it to say, that to give that construction to the will which would confine the service of eight years to the few persons immediately preceding those words, in the two clauses, as contended for by the counsel of Bates, would be a limited and restricted construction, unauthorized by the clauses in question, or the bearing and tenor of the entire will, and calculated by "sticking in the bark," to defeat the benevolent purposes of the testator.

It is, therefore, the opinion of this Court, that Allison, the plaintiff in error, is entitled, under the second clause of the will above quoted, to his freedom after the service of eight years, and also, that all the persons named in the agreement to await and abide the decision in the cause

ALLISON
vs
BATES.

after 8 years service, to all the slaves named.

"I also give my nephew.S.W.B., J. N. and his wife, B. and his wife, L. D. and his two children, C. and A., A.'s wife and her two children, E. C. T. and B., R's. children, J. B. and his wife, to serve eight years and R. I set free;" this clause construed to give freedom to all the persons named after eight years service, except R. who was free thereby, at the death of the testator.

of Allison against Bates, are entitled to their freedom after the expiration of eight years service, said eight years to commence running at the death of the testator.

The judgment of the Circuit Court is. therefore, reversee and· cause remanded for further proceedings.

*Harlan & Craddock, B. & A. Monroe, and Letcher & Tilford* for appellant: *Robertson and Turner* for appellee.

On the 22d October, the counsel for the appellee presented a petition for a re-hearing, to which the Court made the following

### RESPONSE,

*Oct. 28.*

### By Chief Justice Ewing.

WE have examined with care, the petition of the counsel of the appellee, for a re-hearing, and also the reponse of the counsel for the appellant, and have re-examined with care, the will in question, and must say that our opinion remains unchanged.

In the construction of wills, the leading object is to ascertain the intention of the testator.

We cannot make the freedom of slaves depend upon the use or omission of the words "also" or "and," in a particular part of the sentence, there being nothing in the will indicating an intention in the testator, that there should be a discrimination between those that follow and those who precede the use or omission of those words. To do so, we might, in violence to the plain import of the entire sentence, confine to a few, the benevolent purposes of the testator, which were intended to apply to all those embraced in the sentence. There is nothing in the language that shows that he intended that a part of the slaves should pass *absolutely* or to serve for life, and the rest to serve for eight years only. "Also" means likewise or in the same manner, and its use in the first devise, preceding the name of Stephen, was intended to connect those who follow, with those who preceded its use, and to give to all the like destiny. If he intended those who preceded to pass absolutely, he would have said so, as he has done with respect to little Green, in the same sentence. And if he did not intend all the slaves in both clauses, preceding the terms "to serve eight years," to be free at the expiration of the term of service, it must be believed that he would have used some word

or expression indicating either who were to pass absolutely, or who among the number were to serve eight years, as he has done with respect to Tiller and Sharper, devised to his nephew in another clause. Again, if he intended all who were devised to his nephew in the devise quoted, except Isaac Butcher and his wife, to pass absolutely, it is strange that he did not embrace them in the prior clause, with Juber and his wife and children, whom he devised absolutely to his nephew.

Whether the testator was an emancipator in principle or not, can have little weight in giving interpretation to the clauses in question. One thing is obvious from the will, that he has emancipated a portion of his slaves, to take effect immediately, and others to be free after stated periods of service. And whether all embraced in the two clauses in question, from faithful services or otherwise, were the favorite objects of his bounty, or only a few, must depend upon an interpretation of the clauses themselves. And in their interpretation we cannot admit that those who are interested, or their counsel, may select out a few who may follow a comma, or the use or omission of "also" or "and," and apply the right to freedom, after the designated term of service, to them only, to the exclusion of the rest. Nor can any implication against the construction which we have given to the clauses in question, be raised from the fact suggested by the counsel, that it is not to be presumed that the testator would have given to his daughter and son-in-law so large a landed estate as he has given them, without leaving them slaves to cultivate it. He had given them absolutely, eight slaves before, and devised to them the service of others for eight years, and left to them a large personal estate. He, therefore, well might feel disposed, in anticipation of immediate dissolution, to set at liberty favorite slaves, who had served him during his life, after serving his daughter and son-in-law eight years after his death, and the more especially as he has bequeathed to them bountiful means to purchase other slaves to cultivate their lands.

But it is urged that, as the whole residue of his estate, not disposed of by his will, is left to his son-in-law and

A devise of
slaves to A. B.
by name, to serve

8 years; constru-
ed to give free-
dom thereafter,
no disposition
being made of
them thereafter.
and the expres-
sion "and then
to be free," be-
ing attached to a
similar devise in
another clause
of the will re-
quiring a like
term of service
from      other
slaves.

daughter, and the second clause or devise to his nephew, does not direct what disposition is to be made of the slaves after the service of eight years, that they and their services, after that time has expired, pass under the residuary clause, to his daughter and son-in-law. We cannot sanction this interpretation of the clause in question. The slaves are required to serve eight years only, and required to serve no other afterwards, nor is any other specific disposition made of them. It may, therefore, be fairly implied that the eight years service which they were required to render to the nephew, constituted the entire service which they were to render, and being required to render no other or further service to any one, that they were to be entitled to their freedom. And this interpretation is corroborated by the use of the terms "then to be free," which follows the precise same service exacted from those who were devised to his son-in-law and daughter in the prior clause. If he did not intend that they should go free from all service, after the time prescribed had expired, it cannot be presumed that the testator would not, in the same clause, while the subject of those slaves were upon his mind, have made some specific disposition of them or of their services.

Upon the whole, without pursuing the subject further, we are satisfied that the conclusion at which we arrived in the former opinion, is correct, and the petition for a re-hearing is, therefore, overruled.