## McElwain v. McElwain's Guardian.

(Decided May 13, 1913).

### Appeal from Warren Circuit Court.

Wills—Construction—Punctuation Marks In—When Will Be Disregarded.—In construing a will the court will not be governed by the punctuation marks alone, and will disregard the punctuation, where, upon the whole will, the punctuation is evidently an error.

CHARLES DRAKE, T. W. and R. C. P. THOMAS for appellant.

SIMS & RODES for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

W. F. McElwain died in the spring of 1910, testate, in Warren County, his will having been thereafter duly probated.  He left surviving him his widow and an only son, C. H. McElwain, who then had four children. W. F. McElwain owned at his death two farms in Warren County, one called the home place and the other called the Smith place.  His son, C. H. McElwain, was living on the Smith place while he was living at the home place,

and his widow continued to live there until her death, six or eight months after his death. She died intestate, and C. H. McElwain brought this suit for the construction of his father's will, claiming that under it his mother was devised the home place absolutely and that at her death it passed to him in fee simple as her heir-at-law. The provisions of the will so far as material to the controversy are as follows:

"First, To my beloved wife, Elizabeth F. McElwain, I give the home place where we now live, containing about three hundred and forty (340) acres of land, together with all the improvements on same. Also all the furnishings and household goods, as long as she remains my widow, and at her death same to go to our grandchildren, the children of our son Charles. I also give to my wife all of my life insurance money to do with as she may wish. .

"Second, I give to my son, Charles H. McElwain, in trust to himself without bond for a period of five years after my death, the farm where he and his family now live, known as the Smith place, and same consisting of three hundred and twenty-two (322) acres of land, and all improvements on same. At the expiration of said five years, if my said son has discontinued the use of intoxicating liquors, he is to then inherit same absolutely. I make this bequest to our son in this way to protect him and his interest, and I hope and believe he will appreciate same and accept and carry out my heart's desire.

"Third: After my death I desire all of my personalty sold at public sale to the best advantage, and out of the proceeds my debts to be paid first, after which the remainder received for same to be equally divided between our son Charles and his children: one-half to Charles and one-half to his children, the share or portion of the children of our son to be held in trust for them and for their benefit until they are twenty-one years of age by my executor named in my will."

The circuit court held that the grandchildren took the home place under the will on the death of their grandmother. From this judgment C. H. McElwain appeals.

It is insisted that as there is a period in the first item of the will after the word "same," that the home place is devised absolutely to the widow. But in construing a will the court must look not alone to the punctuation marks; for notwithstanding bad punctuation, the meaning of the instrument may be clear. The word "also"

when read in connection with the words that follow it, show that there should be no period here; for there are no words of devise in that clause; and the meaning is that the things mentioned in that clause are to go with the land. By the concluding words of the clause, the testator gives his wife all of his life insurance money to do with as she may wish. The preceding part of item 1 gives her certain things so long as she remains his widow, and at her death to the grandchildren. He intended the widow to enjoy the home place with the furnishings and household goods as long as she remained his widow, and he intended this property at her death to be secured to the grandchildren, and placed beyond the improvidence of the son. For this reason also he devised to the grandchildren one-half of the surplus of his personal property. (Allison v. Bates, 6 B. Mon., 79, Morgan's Exr. v. Morgan's Trustee, 3 Atl., 63; Morrison v. Shaw, 64 N. E., 548; Noble v. Ayers, 56 N. E., 199.)

Judgment affirmed.