## McElwain v. Smith, Executor, et al.

(Decided June 16, 1915.)

## Appeal from Warren Circuit Court.

Wills—Contest—Election—Estoppel.—A father having a wife and one son, devised certain property to his wife, with remainder to his son's children. Other property he devised to his son. The son opposed the probate of the will. The will was probated. Afterwards the son brought suit for the construction of the will. He also purchased certain personal property at the executor's sale. Later on he borrowed from his children a portion of the estate which they received under the will, for the purpose of rebuilding the residence on his farm, which was destroyed by fire. He then appealed from the order of probate and attacked the will on the ground of mental incapacity and undue influence. Held, that his conduct amounted to election to take under the will and to estop him from attacking its validity.

BRADBURN & BASHAM for appellant.

SIMS, RODES & SIMS for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

William F. McElwain died in April, 1910, leaving a last will and testament, which had been executed by him in October, 1909. The testator left surviving him a widow and one child, Charles F. McElwain. At the time of his death the testator was the owner of considerable personal estate and two farms in Warren County, one known as the home place and consisting of 340 acres, and the other known as the Smith place and consisting of about 322 acres. The testator devised the home place to his wife for life, with the remainder to his grandchildren, the children of his son, Charles F. McElwain. The Smith place he devised to his son, Charles F. McElwain, "in trust to himself without bond for a period of five years," with the further provision that if, at the expiration of said five years, the said son had discontinued the use of intoxicating liquors, he was then to inherit the same absolutely. By the third clause of the will the testator provided that his personal property should be sold at public sale and the proceeds equally divided between his son, Charles, and the latter's children. By the fourth clause of his will, Charles A. Smith was appointed executor.

The testator's widow died the spring following the death of the testator.

Over the objection of the testator's son, Charles F. McElwain, the will in question was probated by the Warren County Court on July 14th, 1910. On February 20th, 1914, Charles F. McElwain prosecuted an appeal from the Warren County Court to the Warren Circuit Court, and attacked the will on the ground of mental incapacity and undue influence. At the conclusion of the testimony, the contestees asked for a peremptory instruction directing the jury to return a verdict sustaining the will. This motion was sustained and a verdict returned accordingly. The contestant appeals.

The trial court was of the opinion that the facts developed on the trial showed that appellant had elected to take under the will, and was, therefore, estopped to contest the validity of the will. The facts are these: Though appellant opposed the probate of the will, he did not prosecute an appeal from the order of probate until several years later. In the meantime, the executor, Charles A. Smith, sold the personal estate. The proceeds amounted to about $6,000, which, under the will, were to be divided equally between appellant and his children. At the sale appellant became the purchaser of considerable property, which was charged to him by the executor. Later the executor paid him about $1,502, for which he gave the following receipt:

"Received of Chas. A. Smith, Executor of Wm. F. McElwain, $1,502.99, in full of the amount due me by said executor, in full of the amount filed this day."

After the death of his mother, appellant brought suit in the Warren Circuit Court for the construction of the will. He contended that his mother took a fee simple title under the will. This contention was denied, and on appeal the judgment of the lower court was affirmed. McElwain v. McElwain's Guardian, 153 Ky., 696. During the year 1912 the dwelling on the Smith farm was destroyed by fire. Appellant applied to the Potter-Matlock Trust Company, as guardian of his children, for a loan with which to rebuild the dwelling. At that time the trust company, as guardian of his children, had in its hands about $3,300, the proceeds of the sale of personal property and of rent from the home place devised to them in remainder by the testator. As the children were homeless, it was thought advisable to make the

loan. Application was made to the Warren Circuit Court and the loan approved. Thereupon appellant executed his note to the trust company, secured by a mortgage on the Smith farm. While it may be true that the mere bringing of a suit for the construction of a will will not estop one from contesting the validity of the will, yet where the bringing of the suit is accompanied by other circumstances clearly showing an intention to take under the will, we conclude that a different rule obtains. Here appellant first contested the will. His mother then died, and he sought to have the will construed in such manner as to vest him with the same title he would have had if probate of the will had been refused. Not only this, but he was present when the executor sold the personal property. He became a purchaser at this sale and received half of the proceeds. The other half of the proceeds was turned over to the guardian of his children. In addition to all of this, he was a party to the proceedings wherein the court approved a loan by the guardian of his children to him for the purpose of rebuilding the dwelling on the Smith farm. After this loan was made, and after all the above transactions were had, he seeks to contest the will. It is the general rule that a devisee who has accepted the benefits of a will is estopped to deny its validity without restoring the benefits received or bringing the money into court. Especially is this true where, in addition to acceptance, he takes other steps in recognition of the validity of the will. Kasey v. Fidelity Trust Company, 131 Ky., 604; Mercer v. Smith's Guardian, 107 S. W., 1197, 32 Ky. Law Rep., 1008; Gore v. Stevens, 1 Dana, 201, 25 Am. Dec., 141; 40 Cyc., 1893; Stone v. Cook, 179 Mo., 534, 78 S. W., 801, 64 L. R. A., 287. Here the appellant not only accepted the provisions of the will, but recognized its validity by borrowing from his own children the very money which they received under the will. Not only that, but he stood by and saw the estate practically wound up. Clearly the facts make out a case of election to take under the will, and, therefore, of estoppel to contest its validity.

Judgment affirmed.