## Erdman v. Louisville Trust Company, Executor, et al.

(Decided March 23, 1923.)

### Appeal from Jefferson Circuit Court
(Common Pleas Branch, Third Division).

1. Wills—Receipt of Benefits Under Will Estops Contest Thereof.—Where a son of testatrix had accepted and retained benefits under the will and had joined in and recommended to the court the compromise of a contest brought by another heir and devisee, he is estopped from thereafter contesting the validity of the will, in the absence of any claim that he was a victim of fraud or misrepresentation, or was mentally incapable of understanding and appreciating his rights.

2. Wills—Widow is Estopped to Contest Will, if Husband, Through Whom She Claimed, was Estopped.—The widow of a son of testatrix, to whose husband a life estate had been given, with remainder to his brother if he died without issue, and whose only interest in the estate of testatrix, came through her husband, is estopped from contesting the will, if he would have been estopped to make such contest, had he lived.

MATT O'DOHERTY, MORTON K. YONTS and HUMPHREY, CRAWFORD & MIDDLETON for appellant.

PETER, LEE, TABB & KRIEGER for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Charles W. Erdman, a resident of Louisville, died testate on October 16, 1917, leaving a large estate consisting of both real and personal property. He was survived by his widow, Clara V. Erdman, three children, Charles T. Erdman, John O. Erdman and Bettie B. Burks, and one grandchild, Lawrence E. Erdman, the only heir of a deceased son.

By the third clause of his will, the testator left to his son, John O. Erdman, the house and lot then occupied by him, with the statement that he had theretofore conveyed to his son, Charles T. Erdman, a house and lot. He then provided that the sum of $2,000.00 should be advanced to each of his sons for the purpose of improving their property, for which they should be charged interest at the rate of four per cent. To Charles T. Erdman he bequeathed his watch and chain.

By the fourth clause of the will the testator left his wife all his other real estate, with power to dispose thereof by last will and testament. To his daughter, Bettie B. Burks, he devised a piece of real estate on Main street with the explanation that he did not make further provision for her because of the fact that he had advanced to her a considerable sum of money, and did not feel that it would be just to the other children that she should receive more.

By the fifth clause the testator left to the Louisville Trust Company as executor and trustee practically all of his personal estate, the income therefrom to be paid to his widow during her lifetime. In the same clause he provided that, at the death of his wife, $10,000.00 in bonds, which a codicil reduced to $5,000.00, should be set aside for the benefit of his grandson, Lawrence E. Erdman. It was further provided that the sum of $3,000.00 be set aside for the benefit of other grandchildren, and that the trustee should pay to each of the testator's sons, Charles T. Erdman and John O. Erdman, the sum of $2,500.00, and should set aside for each of them the sum of $30,000.00 in four per cent bonds of the city of Louisville, with directions to pay them the income therefrom in monthly installments. There was also a provision to the effect that should either son die without issue, then his portion should go to the other son, and if both of them died leaving no issue, then the share of both was to go to Bettie B. Burks. It was further provided that any remainder of the estate, after satisfying the above provisions, should be equally divided between the two sons and the daughter.

Shortly after the death of the testator, his grandson, Lawrence E. Erdman, contested the will in an action to which the widow and all the heirs and beneficiaries were parties. A compromise was effected by which the contestant received $15,000.00 in cash in lieu of the income from $5,000.00 worth of bonds, as provided in the will.

About fourteen months after the death of the testator, Charles T. Erdman died leaving a widow, Blanche Erdman, but no children. Prior to his death the executor delivered to him the watch and chain bequeathed to him by his father, and advanced to him the sum of $2,000.00 as directed by the will. Not only so, but he joined in the settlement of the contest suit brought by Lawrence E. Erdman, and recommended to the court in writing that the settlement should be made.

About six months after the death of her husband, Charles T. Erdman, Blanche Erdman instituted this proceeding by which she sought to have the will set aside on the ground of undue influence and mental incapacity. Though her right to bring the action was upheld, the court was of the opinion that she was estopped from maintaining the action by her husband's acceptance of the provisions of the will. The contestant appeals.

We deem it unnecessary to decide whether appellant had the right to contest the testator's will. Not only did her husband accept and retain benefits under the will, but he joined in and recommended to the court the compromise of the contest suit brought by another heir and devisee. It is not claimed that, when he did this, he was a victim of fraud or misrepresentation, or that he was mentally incapable of understanding and appreciating his rights. If he had survived, it would have been a gross injustice to the executor and the other devisees to permit him to contest the will after he had accepted its benefits and induced the executor to settle the other contest, which he would not have done unless he had been led to believe that no other contest would be filed. That being true, it cannot be doubted that if he had sued in his lifetime, he would have been precluded from contesting the validity of the will. Utermehle v. Norment, 197 U. S. 40, 49 U. S. (L. Ed.) 65, 3 Ann. Cas. 520; Madison v. Larmon, 170 Ill. 65; Christen v. Christen, 184 Ky. 822, 213 S. W. 189; McElwain v. Smith, 165 Ky. 496, 177 S. W. 244. Appellant was not interested in the testator's estate in her own right. Her right, if any, was merely derivative and came through her husband, and whatever would estop him would necessarily estop her.

Judgment affirmed.