CASE 114—EQUITY—NOVEMBER 8, 1881.

# Campbell v. Golden, &c.

### APPEAL FROM KNOX CIRCUIT COURT.

1. The guardian should not be charged with interest upon interest in biennial rests, as no balance was owing by him at the end of any year after his appointment.

2. The principal of the funds of the ward, or such part as is necessary, may be used by the guardian when the ward is of such tender years or infirm health that he cannot be apprenticed, or no suitable person will take him as such for nurture and education.

W. O. BRADLEY, JOHN G. EVE, AND CAMPBELL FOR APPELLANT.

1. The guardian has the right under the statute to use such part of the principal of the funds of his ward as is necessary for her comfort and maintenance.

2. He ought not to have been charged with interest upon interest. (Rev. Stat., vol. 1, 578; 1 M. & B. Stat., 765; 4 B. Mon., 320;. Hughes v. Smith, 2 Dana, 251; Gen. Stat., 506.)

DISHMAN & McCLARY AND JOHN & J. W. RODMAN FOR APPELLEES.

It is the duty of the guardian to raise the ward upon the interest of the fund in his hands. If that be not sufficient, it is his duty to bind the ward as an apprentice. The statute imposes this duty upon him. (Bybee v. Tharp and wife, 4 B. Mon., 320; Campbell v. Williams, 3 Mon., 124; 4 J. J. Mar., 389; Civil Code, 608; 7 Mon., 171; 2 J. J. Mar., 404; Irvin v. McDowell, 4 Dana, 631; Rev. Stat., vol. 1, 578; Howell v. Vanmeter, 5 Dana, 554; 2 Bush, 286; Greenleaf on Ev., vol. 1, sec. 148.)

JUDGE HARGIS DELIVERED THE OPINION OF THE COURT.

When Celia Gibson was but eighteen months old her mother died, leaving her homeless, and without a protector.

The appellant was immediately appointed and qualified as her guardian.

He at once took custody of his ward, and collected the sum of $328.27, which she was entitled to by distribution

from her grandfather's estate, and was all the estate she owned.

It appears that Celia was subject to the diseases incident to childhood, and at times exceedingly cross and fretful, which made it necessary for appellant to hunt new homes for her, as the neighbor women whom he had employed to clothe, feed, and care for her became weary of their charge.

A Mrs. Pope kept her longest at $25 per year.

When she became old enough to attend school he sent her to all the common and subscription schools taught in the neighborhood; boarded, clothed, and treated her well at his own house from the time she was twelve years old until her elopement and marriage with her co-appellee in the year 1871, which was in her seventeenth year.

During the whole period of her wardship he made advancements to defray the expenses of her maintenance and education as her necessities demanded.

His daughter was about the same age of Celia, and their treatment was so alike no difference was discovered by any of the witnesses.

On several occasions he evinced deep solicitude for her welfare by riding on horseback twenty miles to see her.

In the incipiency of his duties he loaned $300 of her money at ten per cent. interest per annum, and annually collected the interest until the year 1870.

The interest was insufficient to maintain her, and hence he made the needed advancements.

He was subjected to considerable expense and trouble in an abortive effort to collect the principal of the fund he had loaned, by reason of the non-residence of one of the borrowers and the insolvency of the other, but was refused by

the judgment any credit for expenses or services incurred on that account.

As he had caused the money to yield ten per cent. per annum, and subjected himself to personal responsibility for the loss of the principal by contracting for a usurious rate of interest with a non-resident, the court should have allowed him the reasonable expenses and value of his personal services, not more, however, than the excess of interest beyond the legal rate.

He was allowed $39 for his services devoted to her personal safety, sustenance, education, and social elevation from the cradle to the marriage altar, whither her husband, now dissatisfied with appellant's conduct as guardian, carried her against the latter's consent.

This allowance was not reasonable under the circumstances of this case, and there is no law which arbitrarily confines the allowance to the sum of five per cent. on disbursements where the services of the guardian are rendered not only in managing and disbursing the money of his ward, but by personal care and custody of the ward whose nurture and education have been confided to him.

Section 11, article 2, chapter 48, General Statutes, provides, that "the guardian, besides all necessary disbursements and repairs, shall be allowed by the court a reasonable compensation for his services."

In the light of the evidence, $100 is barely reasonable compensation for his services. The court ought to have allowed him that sum.

While boarding with appellant she rendered some services which were an advantage to her by reason of their light character and the training in household duties that their performance gave to her; but she should be allowed their

value, which, according to the evidence, could not have exceeded one half the value of her board. The appellant should have been credited with her board and charged with her services at the rate stated.

He was charged with ten, but only allowed six per cent. interest on the expenditures, board, advancements, &c., made by him.

There was no reason for charging the guardian with interest upon interest in biennial rests, as no balance was owing by him at the end of any year after his appointment which he had not loaned out.

None of her money remained in his hands for as much as one year, as it must have taken, according to the evidence, the $28.27 not loaned out by him to clothe and care for Celia the first year of his appointment.

He should have been credited with the sums he was entitled to as of the date of payment or from the time of the rendition of services, and interest charged to him at ten per cent. on the remainder after the deduction of credits. (Sec. 10, art. 2, Gen. Stat.)

It is insisted that the principal of her patrimony, although it is personal estate, cannot be applied to the payment of advancements made by the appellant in furnishing her food, raiment, shelter, and education suitable to her condition.

It is true that the first clause of section nine, article two, chapter forty-eight, of the General Statutes, forbids the allowance of any disbursement to the guardian for maintenance and education beyond the income of the estate, but the second exception thereto embraced in the same section authorizes the judicious and proper application of the principal of the ward's personal estate to his board and tuition when it is best for the ward to so use it.

And so the principal of the personalty may be used when. the ward is of such tender years or infirm health that he cannot be apprenticed, or no suitable person will take him. as an apprentice.

To this may be added that the 11th section named above directs an allowance to the guardian for all necessary dis-- bursements.

These provisions are intended to embrace such a case as we conceive this one to be, and to protect from want or ignorance wards with small personal estates.

The expenditures and advancements by the appellant were judiciously and properly made for necessaries, board, and education of his ward, whom he fitted for the sphere in which she moves.   And if it should become necessary, upon a settlement of his accounts, according to the principles herein indicated, to apply the whole of the principal of her estate in his hands to reimburse him, he is entitled by law to have it done.

It was held in the case of Janet v. Andrews, &c., 7 Bush,. 314, that "where necessary to the proper maintenance and education of the ward, or for the payment of debts," the chancellor would direct the sale of an infant's *real* estate or reimburse the guardian by the sale of real estate for advance-- ments which the chancellor would have authorized had he been applied to before they were made.

And it is plain the statutes are more stringent against the sales of real estate to reimburse guardians for advancements than they are against the appropriation of personalty for such a purpose.

This distinction was put in the statute because of the difference in the nature of personal and real estate.

Wherefore, the judgment is reversed, and cause remand, ed, with directions to render judgment in conformity to the principles of this opinion.