### Younce, et al. v. Duty.

(Decided October 28, 1924.)

### Appeal from Pike Circuit Court.

1.   Infants—Right to Avoid Contract Personal.—Right to avoid contract because of infancy is privilege personal to infant, and other party is bound thereby so long as infant adheres to it.

2.   Guardian and Ward—Guardian Cannot as a Rule Avoid a Contract on Infant's Behalf.—Guardian cannot as a rule avoid a contract entered into by an infant on his behalf.

3.   Infants—Defense of no Consideration May be Made.—In action on note by infant, defense of no consideration is just as available as against adult under Ky. Stats., section 472.

4. Infants—Infant Cannot Recover on Note Given for Stock Unless Stock Delivered.—Infant cannot recover on a note given for corporate stock until he delivers or tenders stock.

WILLIS STATON and R. H. COOPER for appellants.

STRATTON & STEPHENSON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

On May 12, 1922, A. J. Younce executed and delivered to Carl Duty a promissory note by which he agreed and promised to pay the sum of $550.00 thirty days after date. The note was endorsed by R. T. Goff and W. H. Younce.

Through his father, West Duty, and next friend, Carl Duty, who was an infant, brought this suit to recover on the note. Their demurrer to the petition having been overruled, defendants filed an answer, paragraph 2 of which is as follows:

"For further answer and counterclaim herein the defendants state that on the date of said notes West Duty next friend of the plaintiff agreed to sell the defendant R. T. Goff five (5) shares of the par value of $500.00 of the capital stock of the Ferguson Creek Supply Co., a corporation then existing under and in virtue of the laws of the state of Kentucky, for the agreed price of $550.00 the face of the note sued upon herein, and immediately after the note was executed it was made known to the defendant Goff that the stock was in the name of the plaintiff, Carl Duty, who was then and is now an infant.

"The defendants state that the plaintiff West Duty requested the note made to his son, and the defendants did not know the purpose, or the reason therefor, but complied with his request; that the plaintiff nor neither of them ever delivered said stock to the defendant Goff nor any one for him at his request, or with his knowledge, and that the stock had never been transferred, or assigned to him, and the plaintiff has failed, and refused to assign, transfer said stock as the law requires, and that the infant plaintiff is unable legally to transfer said stock. The plaintiff West Duty upon the same day, and after the note was executed came

and repudiated the sale of said stock, and made known to the defendant Goff that he did not care to carry out the contract and agreement, but retained the note, and therefore this being the only consideration the consideration *has* wholly failed.

"The defendants state that although A. J. Younce reports to be the maker of said note for his name was used for accommodation for the defendant Goff."

A demurrer was sustained to the answer and defendants having declined to plead further, judgment was rendered in favor of plaintiff. Defendants have appealed.

The right to avoid a contract because of the infancy of the maker, or one of the makers, is a privilege personal to the infant, and the other party to the contract is bound thereby so long as the infant adheres to it. Cannon v. Alsbury, 1 A. K. Marsh, 76, 10 Am. Dec. 709, 14 R. C. L. 234. Nor as a rule can an infant's guardian avoid a contract on his behalf. Oliver v. Houdlet, 13 Mass. 237, 7 Am. Dec. 134, 14 R. C. L. 234. Therefore, if the answer had pleaded merely the infancy of the payee, and the disaffirmance by his guardian, it would have presented no defense; but the answer goes further and pleads that the only consideration for the note was the purchase by Goff of five shares of stock in the Ferguson Creek Supply Company, and that the stock had never been delivered or transferred and that plaintiff had refused to deliver or assign the stock. Manifestly the defense of no consideration which may be made without an allegation of fraud or mistake, section 472, Kentucky Statutes, First State Bank of Nortonville v. Morton, 146 Ky. 287, 142 S. W. 694, is just as available against an infant as it is against an adult, and if it be true that the note was given for the stock, plaintiff can not recover until he delivers or tenders the stock. It follows that paragraph 2 of the answer presents a defense, and that the demurrer thereto should have been overruled.

Judgment reversed and cause remanded for proceedings consistent with this opinion.