## Bohn v. Bohn's Guardian.

(Decided May 21, 1929.)

BARBOUR & BASSMAN for appellant.

JOHN H. KLETTE for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

This is a controversy between a guardian and his former ward over certain items contained in a final accounting of the guardian's stewardship. Stephens L. Blakely, an attorney of high standing at the Covington bar, was, on June 21, 1923, appointed guardian of Mary Flarherty, and continued to act as such about 5 years, until his ward became 21 years of age. When his final settlement was filed in the county court, it appears that exceptions were filed to three items contained therein, but the written exceptions are not found in the record. The county court heard evidence, however,·and a transcript of the evidence is in the record. The settlement was confirmed, and upon an appeal to the Kenton circuit court the action of the county court was sustained. This appeal has been prosecuted by the former ward, who is now married, and it is insisted that the allowance of $1,500 to the guardian was excessive, that an expense of $250 incurred by him in payment of counsel fees was unauthorized, and that the guardian should be charged with an item of $500 paid to the Liberty National Bank in settlement of an obligation executed by the infant and now repudiated by her.

The appellee insists that the allowances were proper and that the entire account should be confirmed, but presents a preliminary question of practice. It is said that this court, in the absence of the written exceptions, may not consider the case on its merits. It is true that this court will not revise or reverse an order of a circuit court, confirming a settlement made in a county court, where no written exceptions have been filed. In such cases there is no judicial contest, but the order of confirmation partakes rather of the character of a ministerial act. The settlement, and its confirmation, without exceptions, are not conclusive upon the parties interested or the court, which may order another settlement to correct errors later discovered in the first settlement. The remedy for revision of such ex parte orders is by a suit in equity to surcharge. Turley v. Barnes, 103 Ky. 127, 44 S. W. 446, 20 Ky. Law Rep. 1808.

It is apparent from the record that exceptions were filed in the county court, and their presence here would not clarify any issue involved. It is shown by the evidence that both litigants understood clearly the basis of the controversy, and directed the proof definitely to objections specifically expressed. In such case the parties are bound; the act of the court is judicial and excludes the remedy in equity. The party aggrieved must take an appeal for a correction of any errors. We conclude, therefore, that the record is sufficient to present the questions argued on this appeal, and that both litigants were fully advised of the issues to be tried.

The allowance to the guardian is discussed by the appellant as though it was based solely upon the receipt and disbursement of money and property. It is said that the total gross receipts were slightly in excess of $13,000, and that an allowance of 5 per cent. thereon would be reasonable. Commonwealth v. Graves County Banking & Trust Co., 159 Ky. 455, 167 S. W. 411. But the discussion proceeds upon a misapprehension of the record. The guardian did more than handle the personal estate of the infant.. He was her adviser and servant for approximately 5 years, and the demands upon him were continuous and important. It is proven without contradiction by members of the bar of high standing that the amount fixed by the county and circuit courts was reasonable. The guardian was not confined merely to a commission on the funds handled, but he was entitled to reasonable

compensation for his other services. Commonwealth v. Graves County Banking & Trust Co., supra.

We are asked to substitute our judgment on the facts for that of the county court and circuit court, and to disregard all the evidence in the case as to the value of the services. It is essential that the estates of infants be protected from unreasonable charges, but it is equally essential that infants should have competent advice and faithful service, which cannot be obtained if the allowances are unreasonably low. The courts will scrutinize with care the acts of fiduciaries, but will be equally diligent to see that those who have been responsible for the welfare of wards should not be penalized. Whilst the court is not bound by the opinions of witnesses as to the reasonableness of compensation allowed, yet the primary duty rests upon the county court, and it must fix a reasonable compensation to the guardian for his services. Kentucky Statutes, sec. 2036; Campbell v. Golden, 79 Ky. 544; Bell v. Bell's Guardian, 167 Ky. 430, 180 S. W. 803; Wheeler v. James & James (Ky.) 120 S. W. 350.

The uncontradicted evidence shows that for five years the guardian was called upon constantly for counsel and service, and that he responded to these calls promptly and to the entire satisfaction of the infant and her mother. No question was made as to the extent of the services, and no proof was offered contradicting that of appellee as to the value thereof. It is conceivable that the same services in different localities might command different compensation. In rural communities, where office expenses and the demands on the time of a lawyer are not so pressing, smaller compensation might be justified than is required in a populous community, where the conditions are different. The county court is peculiarly qualified to measure these varying quantities. We are not authorized by this record, even if so inclined, to substitute our judgment for that of the circuit court, when it is supported, not only by an adjudication of the county court, but by the uncontradicted evidence.

It is next insisted that a fee of $250 paid to an attorney for representing the guardian in a lawsuit in the Kenton circuit court should not be allowed. Appellee insists that this question may not be reviewed, because the attorney to whom the fee was paid is not a party to the appeal. Bartlett v. Louisville Trust Co., 212 Ky. 13, 277 S. W. 250. But this is not a review of an order in a settlement suit allowing fees to counsel. This is an

appeal from the final settlement of a guardian, and any improvident expenditures made by the guardian may be examined. The attorney has been paid his fee, and no one is now interested, except the guardian himself, who has expended the money. It is not insisted that the fee itself was excessive or unreasonable. The argument is that the guardian was responsible for the litigation, which made it necessary to employ a lawyer, and therefore should be made to pay the fee. The evidence does not warrant the argument. The guardian exchanged securities with the infant's mother. The purpose of the exchange was in the nature of a reinvestment of funds. The infant's mother had a note which did not mature for several years. The guardian held for the infant a similar note which matured presently. If the guardian collected his note, he would have to reinvest the funds. It was a good investment, and the guardian formally exchanged his note, which was then maturing, for the note held by the mother, which ran several years. The notes were secured by a recorded mortgage. They failed to make a notation in the county clerk's office of the exchange of the notes. Later creditors of the infant's mother brought a suit to subject the infant's property claiming it belonged to the mother, and it was this litigation in which the guardian was compelled to defend the rights of his ward. We are unable to deduce from the transaction any failure of duty on the part of the guardian. There was nothing to put the guardian on notice that such litigation would ensue, and he was only required to exercise that degree of care which ordinarily prudent men exercise in their own affairs under like circumstances. If he had neglected to protect the infant's rights, he would have incurred liability; but, having fully protected them, he is entitled to an allowance for his reasonable and necessary expenses in performing his duty. Sears v. Collie, 148 Ky. 444, 146 S. W. 1117. It is only in instances where expense has been incurred by reason of the willful misconduct, bad faith, or gross mismanagement of the guardian that he is not entitled to be reimbursed. 39 Cyc. 342.

Finally it is urged that the guardian should be charged with $500 of his ward's money which it is claimed he lost. It appears that Bertha Flarherty, mother of the infant, desired to borrow $500. The infant was then married, living with her mother, and actuated by a desire to help her to obtain the money. She desired that her own

money be lent to her mother, but the guardian did not have any cash on hand; all of the estate being invested in secured notes. It was arragned that the infant should execute her note for $500, on which the guardian would pledge as security one of the secured notes. In this way the money was obtained and the infant lent it to her mother, taking from her mother a note secured by a collateral note. The uncontradicted evidence is that the collateral note is good, and that the estate has not suffered any loss by reason of it. At the trial of this case in the circuit court, an order was entered tendering to the guardian the collateral note; but the guardian was not required, in the circumstances shown, to accept the collateral note. If the infant desired to rescind the transaction, she should have acted when she filed exceptions and tendered to the guardian her mother's note and the collateral note held thereon. When the litigation in the circuit court was pending, the holder of the infant's note was a party to the suit, and the claim was adjudicated and allowed. The guardian was bound by that judgment and he settled according to it. Younce v. Duty, 205 Ky. 274, 265 S. W. 776. The infant did not show any facts which would warrant the court in charging the guardian with the $500 and compel him to take the mother's note with the collateral security. The mother testified on behalf of the appellee, and stated that the note which is pledged to her daughter is a good one, and that the estate of the former ward is in no danger of losing anything on account of the loan to her. Under all the circumstances, there is no basis for charging the guardian with anything because of that transaction.

Our consideration of the record leads us to the conclusion that the appellant has failed to sustain the burden resting upon her to show that the lower court was in error in confirming the settlements in the county court.

The judgment is affirmed.