SCHRŒDER vs. LAUBENHEIMER.

*November 15 — November 30, 1880.*

PRACTICE.   *Dismissing action without costs to prevent abuse of process:
Remedy granted only on motion.*

1. Courts of equity, and the higher courts of law, have power, independently of any statute, to dismiss an action without costs against the defendant, when it is clear that such action was commenced without defendant's fault and for the sole purpose of oppressing him — as where a creditor,

Schrœder vs. Laubenheimer.

when the debt became due, voluntarily kept out of the debtor's reach to prevent his paying without action.

2. Sec. 3157, R. S., provides, in substance, that where interest or an installment of principal is due on a mortgage, and other installments are to become due subsequently, an action to foreclose the mortgage shall be dismissed on defendant's bringing into court, at any time before judgment, the amount due, with the costs. *Held*, that in such a case, if there be any dispute as to the amount due for principal, interest or costs, these questions must be disposed of by the court on defendant's *motion to dismiss the action* on payment of what shall be found due; and on such motion the court may dismiss *without costs*, if defendant can show that he has not been guilty of any fault in not paying the money when due, but that such payment was prevented by plaintiff's fraudulent or improper conduct.

3. The defendant, in such a case, merely set up by answer the facts showing that prompt payment without action was prevented by plaintiff's fraudulent conduct, with a prayer for judgment that plaintiff be compelled to receive the amount due on the mortgage, and that the complaint be dismissed without costs against defendant, and a further prayer for general relief, and then permitted the action to be noticed for and brought to trial; and on the trial he merely offered to prove the facts alleged in the answer, and, on the rejection of such offer, suffered a judgment of foreclosure to be rendered against him, without then moving or having previously moved to dismiss the action. *Held*, that there was no error in the rejection of such evidence, nor in awarding the usual costs against defendant in such judgment.

APPEAL from the Circuit Court for *Washington* County. The case is thus stated by Mr. Justice TAYLOR:

"This action was brought to foreclose a mortgage for the non-payment of an installment of interest. The defendant did not deny by his answer that the interest was due and unpaid, but alleged as an excuse for not paying the same, that he could not ascertain who was the owner and holder of the note and mortgage at the time the same became due; that the mortgage had been assigned, and the name and residence of the assignee had been purposely kept a secret, so as to prevent his paying the interest, and thus afford a pretense for commencing an action of foreclosure in order to harass the defendant and compel him to pay a bill of costs; and that the defendant, im-

mediately after the summons in the action was served, tendered to the plaintiff the interest due and five dollars costs, which the plaintiff refused to accept; and he prayed judgment that the plaintiff be compelled to receive the interest so tendered; that the complaint be dismissed without costs against the defendant, and that the latter have such other or further relief, etc. After filing this answer, no further action was taken on the part of the defendant until after the action was regularly noticed and brought to trial by the plaintiff. It appears that upon the trial the defendant offered to prove the facts alleged in his answer. Such offer was rejected by the court, and thereupon judgment was rendered in favor of the plaintiff for the foreclosure of the mortgage and for his costs; and the defendant appeals from such judgment to this court, and alleges as error the refusal of the court to hear his proofs under his answer."

The cause was submitted on the brief of *Frisby & Barney* for the appellant, and on briefs of *H. W. Sawyer* for the respondent.

TAYLOR, J. It does not appear that the appellant made any motion in the court below to have the action dismissed upon his paying the interest due, without costs against him, nor that he made such motion for a dismissal upon payment of the interest, together with such costs as the court might in its discretion, under all the circumstances, award against him; nor does it appear that he offered to prove the allegations of his answer for the purpose of basing thereon a motion to dismiss the action without costs upon the payment of the past-due interest. On the other hand, it appears that the appellant conceded the right of the respondent to have a judgment of foreclosure of his mortgage, but insisted that such judgment should be without costs.

In this view of the case, we cannot see that the appellant was injured by the refusal of the court to hear his evidence.

If the appellant did not desire the action dismissed upon the payment of the past-due interest, but left the respondent to enforce the collection of the same by the foreclosure of his mortgage, there was no very great hardship in compelling him to pay the costs of such foreclosure proceedings, although there may have been some excuse for not paying the interest when it became due. The trouble and expense of taking the judgment of foreclosure would be just as great whether the action was commenced for purposes of oppression or for a legitimate purpose, and if the defendant did not contest his right to a judgment of foreclosure, and by his neglect to move for a dismissal of the action made it necessary for the plaintiff to take such judgment in order to collect his past-due interest, there is no very apparent reason for relieving him from the costs of such foreclosure. To place himself in a position to demand the interference of the court upon the question of costs, he should have tendered the money due for the interest in court, or, if he had already paid the money into court, have asked a dismissal of the action without costs, or with such costs as the court should deem equitable in the case. Having declined to ask the court to dismiss the action, and suffered the respondent to take a judgment for the foreclosure of his mortgage, costs would follow almost as a matter of course.

The appellant had a very plain remedy under the statute, section 3157, R. S. 1878. This section provides that, "whenever an action shall be commenced for the foreclosure of any mortgage upon which there shall be due any *interest*, or any portion or installment of the principal, and there shall be other portions or installments to become due subsequently, the action shall be dismissed upon the defendant's bringing into court, at any time before judgment, the principal and interest due, with the costs." In cases arising under this section, if there be any dispute as to the amount actually due for the principal or interest or costs, these questions must be disposed of by the court upon the motion of the defendant to

dismiss the action upon the payment of what shall be found due; and there can be no doubt that upon such motion the court would have the authority to dismiss the action without costs, if the defendant could make out such a state of facts as would clearly show that he had not been guilty of any fault or neglect in not paying the money when due, and that such payment had been prevented by fraud or other improper conduct on the part of the owner of the mortgage. The power of a court of equity, or of the higher courts of law, independent of this section, to dismiss an action without costs against a defendant, when such action has been commenced without the defendant's fault, and where it is clear that the same was commenced by the plaintiff without necessity, and for the sole purpose of harassing and oppressing the defendant, would seem to be well established by the cases. See *Noyes v. Clark*, 7 Paige, 179; *Johnson v. Houlditch*, 1 Burrow, 578; *Adams v. Staton*, 7 J. B. Moore, 365. This power is inherent in the court to prevent the use of its processes and powers for the purposes of fraud and oppression. *Townsend v. Smith*, 47 Wis., 623; *Ward v. Van Bokkelen*, 2 Paige, 289.

All the cases show that the exercise of this power by the courts has been called into action either by a petition in the court of chancery, or by motion in a court of law, and not upon the trial of the action. The appellant having gone to trial in this action with an admission that the interest remained unpaid, and that no tender thereof had been made before suit brought, and without making any motion to dismiss the plaintiff's action, either under the statute, or upon any other equitable ground, and thereby necessitating the plaintiff to take his judgment of foreclosure, cannot complain that costs were awarded to him upon such judgment. In a case of this kind, to avoid the costs of the action, the defendant must take such measures as will prevent any judgment being entered in the case, except a judgment or order dismissing the action. It is true that the appellant in his answer demands judgment

that the respondent be compelled to receive his interest, and that the complaint be dismissed without costs; but it does not appear that upon the trial he moved the court for any such judgment, but on the contrary it appears by the answer that the facts alleged therein are set forth as a defense to the plaintiff's claim for costs, and upon the trial no suggestion was made by the appellant that he offered the evidence in aid of a motion to have the plaintiff's action dismissed without costs, the interest money having been paid into court for the benefit of the plaintiff. The court below must have understood the offer of the appellant as made simply for the purpose of defeating the plaintiff's recovery of costs, admitting his right to a judgment of foreclosure, and not as affording ground for the dismissal of the action without costs. Had the court below understood that the appellant intended his proofs as a basis for moving the court to dismiss the action under the statute, and as affecting only the question of costs upon such dismissal, we cannot doubt that it would have heard the evidence.

*By the Court.*— The judgment of the circuit court is affirmed.