## Harding's Admr. v. Harding's Exr., et al.

(Decided October 14, 1910.)

### Appeal from Graves Circuit Court.

Wills—Right of Devisee to Renounce Provision of.—Under section 2067 of the Kentucky Statutes a devisee, including the husband, may disclaim within the time provided in the statute a devise for his benefit; but the right of election is personal to the devisee and cannot be exercised by any other person for him or after his death by his personal representative; unless the devisee is an infant or person of unsound mind, and if he is, the court may during his life and within the time allowed renounce the devise if it is to the interest of the infant or person of unsound mind to do so.

MOORMAN & WARREN and C. H. NOGGLE for appellants.

ROBBIN & THOMAS and R. N. STANFIELD for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

On January 1, 1910, Tabitha Harding, the wife of Add Harding, died testate. By the terms of her will she gave her husband $500. Her husband died on January 3, 1910, being at the time of his death and also when his wife died, confined in one of the insane asylums of the state under a judgment of court. The will of Tabitha Harding was probated on January 18, 1910, and a few days thereafter the administrator of the husband filed a deed of renunciation, and elected to take in behalf of the decedent the distributable portion of the estate of the wife, which would have descended to him if she had died intestate. The question presented for decision, did the administrator of the husband have the right to renounce the provisions made for the husband in the will? If he did not, the devise must stand; if he did, he is entitled to receive from the estate the portion that would have descended to the husband if the wife had died without making a will.

Section 2067 of the Kentucky Statutes, provides that "A devisee may disclaim by deed, acknowledged or proved, and left for record in the clerk's office of the court in which the probate is made, within a year after notice of the probate."

Under this statute, it has been held that the husband may renounce or disclaim a provision made for him in the will of his wife and elect to take under the law of descent and distribution the share to which as husband he would be entitled. Bottom v. Fultz, 124 Ky. 302; Bains v. Globe Bank & Trust Co., 136 Ky. 332.

As the husband if living could have renounced the provision made for him, the argument is made by his administrator that as he died before the will was offered for probate and so did not have opportunity to exercise the election allowed him by law, his personal representative acting for the best interest of his estate ought to be permitted to make the election.

We think that the right to renounce the provisions of a will cannot be exercised until after the will has been admitted to probate. Indeed the statute in effect so provides by declaring that the disclaimer may be left "for record in the clerk's office of the court in which the pro-

bate is made, and within a year after notice of the probate.'' As the privilege of election does not accrue until after probate, the rights of the person having this privilege are to be determined by his condition or ability to then elect. What a person having the right might or might not have done before that time is not at all material. It is, therefore, not necessary to consider what the husband would or would not have done at the death of his wife if he had then been sane. But, setting aside for the present the question of the husband's insanity, and treating the case as if he were sane when his wife died, the question remains, did his death before the time to elect arrived pass the right to his personal representative? If, as we believe, the right of election is a personal right, attaching alone to each individual devisee whose interest is affected, it would seem that the right of election would die with him. It is a privilege bestowed by the statute upon the individual that if free from disability he may or may not choose to avail himself of. What he will or will not do is a question for him alone to decide. The right of election does not depend upon the question whether it will be to the interest of the devisee to disclaim what is given under the will. If the sum devised is larger than the amount that would be received by renunciation, the devisee may yet renounce. And so, if the amount that would be received if an election were made would be greater than the sum devised, the devisee may yet prefer to accept the devise. In short, although the right of election was conferred for beneficial reasons, and its exercise usually depends upon the question of interest, yet when the election is made within the time allowed and in the proper manner, it is wholly immaterial what reasons induced the devisee to make the election. Its validity cannot be inquired into. McCallister v. Brand, 11 B. Mon. 370. On the other hand, if the devisee who is not disabled by youth or infirmity does not choose to renounce the will, neither the court, a creditor nor any other person can compel him to do so or make the election for him. This was expressly decided in Bottom v. Fultz, 124 Ky. 302. There, a creditor of the devisee Bottom sought to have the court to require him to elect whether he would take under the will of his wife or take the interest given him by law in her estate. In denying the creditor this relief, the court said:

"This is a personal privilege given to the husband, and it is one which he may exercise or not at his pleasure;

and we are of opinion that the court could not require of appellant Bottom that he exercise that right."

In Bains v. Globe Bank & Trust Co., 136 Ky. 332, the court again considered this question, and said:

"The husband, like any other devisee, is given by the statute the election to take under the will or not, but the chancellor will not for the benefit of his creditors control him in exercising his discretion in this matter."

As the court for the benefit of creditors or other persons will not require a devisee to elect to renounce the devise, we are unable to perceive any good reason why the personal representative of the devisee should. be permitted to do so for the benefit of the heirs or creditors of the devisee. It might be very beneficial to a creditor to compel a living devisee to disclaim a devise and take under the statute of descent; and so it might be to the interest of the heirs of a deceased devisee to allow his personal representative to exercise this privilege. But, there is no more reason for permitting it to be done in one case than in the other. In neither instance would the election be made by the. devisee, but by others who expected to benefit by it. If the right of election is not personal to the devisee, but may be exercised through him by other persons for their own gain, then the rule should be applied during the life of the devisee as well as after his death. But, in our opinion the right of election cannot be exercised by any person except the devisee, unless he be laboring under such disability as would authorize the court to make the election for him. This conclusion is not only in harmony with the rulings of this court in the cases supra, but is in line with the doctrine announced by courts of other jurisdictions that have been called upon to consider this question. Woerner's American Law of Administration, Vol. 1, sec. 119 et seq; Crozier's Appeal, 90 Pa. St., 35 Am. Rep. 666; Church v. McLaren, 85 Wis. 122; Milliken v. Williner, 37 Ohio State 460; Fosher v. Ginliams, 120 Md. 172.

The case of Smoot v. Heyser, 113 Ky. 81, relied on by counsel for appellant does not sustain his contention. The right of the executors of the husband to his statutory distributable share in the estate of his wife was placed distinctly upon the ground that as the will of the wife made no provision at all for her husband it was not necessary that he should renounce the will in order to secure his distributable share of her estate. The court holding that as the wife could not by ignoring her hus-

band divest him of his statutory interest in her estate, the right to this interest passed at his death to his personal representative.

Coming now to the question of the insanity of the husband, we are unable to perceive how this fact can help the case for the administrator. If the devisee had survived the probate we do not doubt that the court in consideration of his insanity might and would have elected for him to renounce the will upon application made during his life by his committee or trustee, if such a course was shown to be beneficial to the interest of the lunatic. Infants, and persons of unsound mind, are wards of the court; and it is not only the duty but the pleasure of the court to protect, when it can, their interest. And so, when the law gives to them a beneficial right that they are deprived by minority or mental incapacity of the privilege of accepting, the court if appealed to should and will protect their interest. The fact that the right to elect is a personal one does not interfere with the right of the court to elect when the individual who might make the election is alive but incapable of doing so. Nor does it conflict with the principle we have announced that when the person who might make the election dies, the right of election dies with him. The right attaches at the time the will is probated to the person of the devisee, and lives if he does during the period within which it may be exercised, and within this time he may make the election if capable of doing so, or if incapable but living the chancellor may make it for him. Re estate of Andrews, 17 L. R. A., 296; Nailor v. Nailor, 4 Dana 339; Bonnie v. Haldeman, 102 S. W. 308; Van-Steenwyck v. Washburn, 50 Wis., 483, 48 Am. Rep., 532; Wright v. West, 2 Lea (Tenn.), 78, 31 Am. Rep., 586; Page on Wills, page 719.

But when the right of election accrued, the husband was dead, and, therefore, the question of his insanity cannot affect the decision of the case. The right of election did not come into being until the will was probated, because not until then was there anything in existence that the right could act upon. The will had no operative effect until it had been probated. It was the order of probate that established the paper as the will. It follows from this that the insanity of the husband does not add anything to the case attempted to be made out for the personal representative.

Wherefore the judgment of the lower court denying the administrator the right to elect is affirmed.