# Eckert et al. v. Givan et al.

Nov. 21, 1944.

Joseph W. Cambron for appellants.

Harold Marquette and Gene Sims for appellees.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

William B. Heller, testator, died on October 2, 1942. On October 10, 1942, his will, bearing date November 26, 1937, was duly admitted to probate in the Jefferson County Court. Ella Heller, widow of the deceased testator, was named as executrix in said will, and on the date of the probation of the will, she duly qualified as such executrix in the Jefferson County Court. On January 15, 1943, while the said widow was administering the estate of her deceased husband, she died intestate, having never renounced her husband's will.

The second paragraph of said will provided as follows:

"Second. I devise and bequeath to my beloved wife, Ella Heller, for and during her natural life all of my real estate and personal property, including my

income therefrom, with remainder after her death in fee simple to my son, George Morris Heller, and, incident in the premises, and in the event emergency or necessity shall require, my Executor hereinafter named is hereby given full power and authority to sell and make conveyance of any and all of my real estate, and to sell and transfer any and all of my personal property, including any stock certificates or other documents requiring my signature for transfer, but only upon the written consent and approval of my said son, George Morris Heller, in order that necessary funds may be secured for the support and maintenance of either or both my said wife and son.''

The son, George Morris Heller, who, according to the will, was to receive the remainder in fee simple after the death of Ella Heller, predeceased his father about four years. After the death of Ella Heller, her administrator, Fred Hauler, together with the same parties in the instant action, brought a suit in the Jefferson Circuit Court for the construction of the said will, contending that Ella Heller received under said will a fee simple title to the estate of her deceased husband. In that action the Chancellor held that the widow took a life estate only; that the devise to the predeceased son of the remainder lapsed; that the testator died intestate as to the remainder in his entire estate; that the entire estate passed under the laws of intestacy to the testator's surviving brother, and is now vested in the deceased brother's surviving widow and children; and that the testator's widow, having taken under the will of her husband and having failed to renounce the provisions of the will, had no dower interest in his estate. That judgment was appealed from, but the appeal was dismissed because the record appears to have been lodged in the Clerk's office too late. However, in dismissing the action, said order was accompanied by a letter as follows:

''Office of
''Clerk of Court of Appeals
''Frankfort
''November 9, 1943

''Hon. Joseph W. Cambron
''Louisville, Kentucky

''Hon. Gene Sims
''Louisville, Kentucky

"In Re: Heller's Admr. et. al. v. Heller's Admr. de bonis non.

"Gentlemen:

"Appellants' motion to set aside order dismissing the appeal and to reinstate same, was overruled by the Court today, with a notation that the Court had examined the record and were the case considered on its merits, the judgment would be affirmed.

"Very truly yours,
"(Signed)         Charles K. O'Connell, C.C.A.
             "By D. Owens, D.C."

Thereafter, the same parties plaintiff, undertaking a contest of the will of William B. Heller, deceased, effected an appeal to the Jefferson Circuit Court from the order of the Jefferson County Court probating his will. A general demurrer was sustained to both the statement and the amended statement of appeal from said order. The plaintiffs having declined to plead further, judgment was entered for defendants. Plaintiffs thereafter prayed for an appeal to the Court of Appeals from said judgment, which was granted and this action is now before this court on appeal from said judgment.

There are three questions on the part of the appellants herein, and, as stated, in their brief, they are as follows: (1) Can the blood heirs of the widow contest the will? (2) Are they estopped and do they stand in the same shoes in which the widow stood? (3) Do they have any interest? The principles involved in the preceding questions will be hereinafter considered without regard to the order of question as set out in appellants' brief.

It is obvious that the heirs of Ella Heller had no interest in her estate until her death. The first question, then, to consider is the interest Ella Heller had at the time of her death in her husband's estate, or what property or interest, if any, had vested in her out of that estate, which could be the subject of inheritance by the said heirs.

Ella Heller qualified as the executrix under the will of her deceased husband. She had the right of electing either to take under the will or of renouncing the will and taking under the law of descent and distribution.

She did not renounce the will, but instead qualified as executrix under it, and at the time of her death was so acting. The appellants seem to take the view that because the period within which the widow could renounce the will had not elapsed, and since there was yet remaining time within which she might renounce the will, they as her heirs could now come in and do a thing not only inconsistent with what she had done, but actually do what she could not have done. Certainly she could have yet renounced the will, had she lived and done so within the statutory period for such renunciation, but this she did not do and it cannot be done after her death by her administrator or her heirs. This question of renunciation is a personal matter and cannot be exercised, in the absence of disability, by anyone else. In the case of Harding's Adm'r v. Harding's Ex'r et al., 140 Ky. 277, 130 S. W. 1098, Ann. Cas. 1912B, 526, the court held as follows:

"If, as we believe, the right of election is a personal right, attaching alone to each individual devisee whose interest is affected, it would seem that the right of election would die with him. It is a privilege bestowed by the statute upon the individual that, if free from disability, he may or may not choose to avail himself of. What he will or will not do is a question for him alone to decide."

This rule has been followed by this court in numerous instances. Therefore, it can readily be seen, that upon her death, having not elected to renounce the will, the only interest she had in her deceased husband's estate was a life estate, which was extinguished by her death.

We are next confronted with the question of the right of her heirs to contest her husband's will. This court has repeatedly held that a widow cannot contest her husband's will and that her remedy is by renunciation. See Mercer et al. v. Smith et al., 107 S. W. 1196, 32 Ky. Law Rep. 1003; Egbert v. Egbert, 186 Ky. 486, 217 S. W. 365. Neither, as executrix, having qualified under the will, could she contest the will of the testator. Frank's Adm'r v. Bates 265 Ky. 634, 97 S. W. 2d 549. Since she, as neither widow nor executrix of the will, could contest the will, and the right to renounce being alone personal to her, can her heirs, then, have greater rights than she? It is obvious that the appel-

lants have no interest in the testator's estate in their own right and it is equally obvious that if they have any interest at all, it would be an interest or right derivative through the widow of the testator. The test of their right to contest is based upon the principle as stated in the case of Erdman v. Louisville Trust Company, 198 Ky. 497, 248 S. W. 1030, 1031, in which it was held that the widow of a son of a testatrix, to whose husband a life estate had been given, and whose only interest in the estate of testatrix came through her husband, is estopped from contesting the will if he would have been estopped to make such contest had he lived. In that case the court used the following words:

"Appellant was not interested in the testator's estate in her own right. Her right, if any, was merely derivative, and came through her husband, and what-.ever would estop him would necessarily estop her."

In the more recent case of Rogers v. Leahy et al., 296 Ky. 44, 176 S. W. 2d 93, 95, 149 A. L. R. 1267, the court reiterated the same principle in these words:

"* * * the interest one must possess to attack the validity of a will is such that, if he prevails, he will be entitled to a distributive share in the testator's estate."

It, therefore, appears that the only interest appellants could have would be the interest Ella Heller had at the time of her death; that the only interest she could have had was either under the will or by renunciation of the will. She failed to renounce the will, and, consequently, her interest, being a life estate, died with her. And, since she could not have contested the will in her lifetime, her heirs are precluded from doing what she could not have done. The court properly sustained the general demurrer to plaintiffs' statement of appeal and the amended and substituted statement of appeal.

Judgment affirmed.