Stanley KNOX, Administrator CTA Nell French, Deceased, Appellant,

v.

Russell TRIMBLE, Administrator CTA W. A. French, Deceased, Appellee.

Court of Appeals of Kentucky.

March 13, 1959.

Rehearing Denied June 5, 1959.

M. C. Redwine, Winchester, F. C. Bryan, Mt. Sterling, for appellant.

Lewis A. White, Henry H. Bramblet, Mt. Sterling, for appellee.

MOREMEN, Judge.

W. A. French and his wife, Nell French, lived on and operated a farm in Montgomery County, Kentucky. On March 2, 1957, W. A. French died and, being childless, he bequeathed all his personal property to his wife and devised all the real estate to her for her natural life. She was given power to sell it if it became necessary to pay living expenses. The remainder of the estate was devised to collateral kin. His will was probated and Nell French qualified as executrix. As executrix and legatee, she took possession of her husband's personal property, includ-

ing livestock and household furniture, which is the subject of this suit.

About two months after W. A. French's death, Nell French also died. Appellee, Russell Trimble, a nephew of W. A. French, qualified as administrator of his estate. Nell French had executed a renunciation of her husband's will and, one month after her death, it was filed in the county court clerk's office. About the same time, Nell French's will was admitted to probate and appellant, Stanley Knox, qualified as her personal representative.

Because of the renunciation filed after her death (Georgetown National Bank v. Ford, 215 Ky. 472, 285 S.W. 218, 82 A.L.R. 1495), no claim of title could be made to the livestock and household furniture by virtue of W. A. French's will and thereafter appellant, as administrator with will annexed of the estate of Nell French, brought this suit for claim and delivery of the livestock and household furniture, on the ground that during her lifetime, Nell French had been the true owner of those items. The specific items sought were twenty-eight cows, four heifer calves, six suckling calves and seven rooms of furniture and equipment.

The action came on to be tried in the Montgomery Circuit Court and at the close of all the evidence offered by both parties, the trial court directed the jury to return a verdict for appellee.

Appellant contends: (1) There was sufficient evidence of ownership in Nell French to take this case to the jury; and (2) W. A. French, by his acts and by his silence, admitted that the property belonged to Nell French.

Appellant, in his brief and particularly in his reply brief, contends that his claim to the property is not based on a gift inter vivos from W. A. French to Nell French, and insists that he has proved original ownership in her. It seems to us that the only semblance of a claim which appellant might have, must be based on the theory that there was a gift inter vivos be-

cause the record points inevitably to the conclusion that all the property located on W. A. French's farm originally was owned by him. The real estate was in his name. The personal property was physically on his farm and although there is a modern tendency to modify the rule somewhat, the general presumption in such cases is that personal property belongs to the husband. See 41 C.J.S. Husband and Wife § 273–B.

Here, we have more than a presumption. Appellee introduced into the evidence a great number of checks which showed purchases of livestock and articles for the house. These checks were drawn on the bank account of W. A. French. This bank account was in his name alone although he had authorized his wife to sign his name to checks. The evidence also showed that in his late years, he was sick and it was difficult for him to write. It was also shown that in the years, 1954, 1955 and 1956, many checks were deposited to W. A. French's account which had been executed by various stockyards and milk companies and which were the evident proceeds of the sale of cattle and milk. There was also testimony to the effect that W. A. French on his income tax returns reported income from the sale of livestock and dairy products and, on the appropriate schedule, reported depreciation of his livestock. So it seems to us that under the proof, we must start with the assumption that the property belonged to W. A. French.

There was no proof offered that Nell French had a separate estate or means of acquiring the property except through her husband. In order to support appellant's claim, however, many witnesses were introduced who testified that on several occasions W. A. French had told them that the cows on the farm belonged to Nell French. Rev. F. C. Tuttle testified that French had told him that Nell had bought some of the cows, had raised some and had milked some and had bought other cows with the proceeds. Another witness testified that on one occasion when he had

breakfast with the Frenches, W. A. French received a telephone call and thereupon told Nell French that someone wanted to rent the farm. Another witness by her testimony indicated that W. A. French would ask his wife if he could sell certain calves and cows; and a man who wanted to rent the farm was told that he would have to talk to Nell French about milking the cows.

■ The difficulty with this type of testimony is that it explains no origin of title and if recovery is to be had by appellant, it could conceivably be based only on the theory that there was a gift inter vivos. We think the testimony does not rise to the quality by which such a gift may be established.

■■ It is noted that evidence of a gift inter vivos must be clear, convincing and free from reasonable doubt, Hale v. Hale, 189 Ky. 171, 224 S.W. 1078, and the burden of establishing the gift rests on the party claiming it, Combs v. Roark's Adm'r, 221 Ky. 679, 299 S.W. 576.

■ We have often said that to constitute a valid gift inter vivos, there must be a gratuitous and absolute transfer of the property from the donor to the donee which takes effect immediately and is fully executed by delivery of the property by the donor and the acceptance thereof by the donee. Such gifts have no reference to the future, but must be immediate and absolute. Furthermore, where the donor retains control and dominion of the property, the gift is of no effect because the delivery must be absolute. Foxworthy v. Adams, 136 Ky. 403, 124 S.W. 381, 27 L.R.A.,N.S., 308; and Goodan v. Goodan, 184 Ky. 79, 211 S.W. 423.

The proof in this case is far from convincing that there was ever an absolute transfer of the property with effective delivery and acceptance of it. To the contrary, it indicates clearly that the donor retained control of it and there was no indication of a change in possession because the parties continued to live together and it seems to us that the wife exercised no more control nor possessive rights in the property than is usual in cases where a married couple live in reasonable harmony. This attitude does not, however, prove legal title.

We believe that if the trial court had submitted this case to the jury, he would have thereby permitted them to indulge in speculation as to the true facts. We believe that neither the jury nor this court can tell with the slightest degree of certainty what actually transpired. Therefore, appellant failed to meet the burden of proof required and a verdict for appellee was properly directed.

Judgment affirmed.