Jefferson PREECE et al., Appellants,

v.

Howard QUEEN, Committee for Philip Preece, Sr., et al., Appellees.

Supreme Court of Kentucky.

June 25, 1976.

Rehearing Denied Oct. 1, 1976.

**508**

Lillian D. Williams, Creech, Hogg & Williams, Ashland, for appellant.

Kit C. Elswick, Wayne L. Bromley, Sr., Louisa, for appellees.

JONES, Justice.

This action was commenced on May 17, 1973, by Eldred E. Adams, Committee for Philip Preece, Sr., an incompetent, against Kit C. Elswick, personal representative of the estate of Nanie Preece, deceased wife of Philip Preece, Sr., and other heirs and devisees of Nanie Preece. Adams resigned as Committee and Howard Queen was substituted for Adams. Adams filed an action in the Lawrence Circuit Court requesting instructions as to the renunciation of Nanie's will.

On June 21, 1973, several next of kin of Philip Preece, Sr. filed a motion to intervene in the action. That motion was not expressly ruled on by the trial court. The trial court struck the pleadings of the intervenors and refused to permit them to introduce evidence. Thereafter the trial court determined that it would not be in the best interest of Philip Preece, Sr. to renounce Nanie's will. The intervenors prosecute this appeal.

The estate of Philip Preece, Sr. has opened the floodgates to litigation. Motions, pleadings, responses, charges and countercharges, like arrows, have showered this court.

Nanie Preece died January 24, 1973. Philip Preece, Sr. died March 25, 1976. This court is of the opinion that the death of Philip Preece, Sr. renders this appeal moot.

The right to renounce a will has long been considered a personal one, exercisable only by the persons named in the statute. *Georgetown National Bank v. Ford*, 215 Ky. 472, 285 S.W. 218 (1927);

*Harding's Adm'r v. Harding's Ex'r*, 140 Ky. 277, 130 S.W. 1098 (1910); etc. If that person is legally incapacitated the election will be made for him by the court or his Committee. *Miller v. Keown*, 176 Ky. 117, 195 S.W. 430 (1917); *Harding's Adm'r*, supra. Whether exercised by the person himself or by his Committee, however, the choice must be made before his death. *Eckert v. Givan*, 298 Ky. 621, 183 S.W.2d 809 (1944); *Harding's Adm'r*, supra. As Philip Preece, Sr. is now dead, the right of renunciation has expired. Resolution of issues in this appeal, therefore, would serve no purpose.

The appeal is dismissed.

All concur except CLAYTON, J., who did not sit or participate in the consideration of this case.