**Elmira McELROY, Administratrix of the Estate of William M. Bellmar, Appellant,**

v.

**Oreada TAYLOR, Executrix of the Estate of Hazel Bellmar, Appellee.**

97–SC–451–DG.

Supreme Court of Kentucky.

Oct. 15, 1998.

George S. Schuhmann, Thomas A. McAdam, III, Louisville, KY, for appellant.

Edwin J. Lowry, Jr., Louisville, KY, for appellee.

STUMBO, Justice.

This case seeks to determine whether the district court has jurisdiction over a renunciation of a will by the guardian of an incompetent adult or whether such a renunciation must be filed in the circuit court. The Jefferson District Court ruled that it lacked jurisdiction and that the renunciation should be filed with the Jefferson Circuit Court. On appeal, the circuit court affirmed the district court's ruling. The Court of Appeals denied discretionary review. This Court granted discretionary review.

On October 7, 1994, Hazel Bellmar died testate. She was survived by her husband, William M. Bellmar. Mr. Bellmar suffered from Alzheimer's disease, and his son, William G. McElroy, was acting as his legal guardian at the time of Hazel Bellmar's death. Mrs. Bellmar's will was probated on October 17, 1993. Acting in his capacity as guardian, Mr. McElroy filed a renunciation of the will pursuant to KRS 392.080. Oreada Taylor, executrix of Hazel Bellmar's estate, opposed the renunciation. Before this case advanced to the Court of Appeals, Mr. Bellmar passed away and Elmira McElroy, administratrix of his estate, was substituted for Mr. McElroy as movant.

In reaching the conclusion that the district court lacked jurisdiction in this case, both the district and circuit courts relied upon a string of cases for the proposition that a renunciation of a will by an incompetent must be done in a court of equity. *Maess v. Greenfield,* Ky.App., 547 S.W.2d 777 (1977); *Ramsey's Ex'r v. Ramsey,* Ky., 243 Ky. 202, 47 S.W.2d 1059 (1932); *Miller v. Keown,* Ky., 176 Ky. 117, 195 S.W. 430 (1917); *Harding's Adm'r v. Harding's Ex'r,* Ky., 140 Ky. 277, 130 S.W. 1098 (1910). Considering this proposition in combination with KRS 24A.120(1), both courts reached the conclusion that the circuit court has jurisdiction over the renunciation of a will by a guardian on behalf of his ward. In pertinent part, KRS 24A.120 states, "District court shall have exclusive jurisdiction in: (1) Civil cases in which the amount in controversy does not exceed four thousand dollars ($4,000), exclusive of interest and costs, except matters affecting title to real estate and matters of equity. . . . "

The circuit court also quoted James R. Merritt, *1 Kentucky Practice: Probate Practice and Procedure* § 731, at 474 (2d ed.1984), in support of its conclusion:

> Although probate and administration are often mentioned in one breath as though they were the same thing, they are quite different. Probate is a process of determining whether a given instrument is the will of the decedent. The essential question is will or no will.

> Administration describes the process of winding up the affairs of a decedent. Thus, there may be administration whether the decedent died testate or intestate.

Based on this statement, the circuit court apparently concluded that the renunciation sought in this case was not a "matter involving probate" over which the district court has jurisdiction pursuant to KRS 24A.120(2), but rather was a matter involving administration of an estate.

The circuit court also noted that KRS 418.045 specifically removes jurisdiction from the district court by providing that petitions for a declaration of rights may be made in a court of general jurisdiction. Relying on these arguments, the circuit court held the Probate Division of Jefferson District Court lacked jurisdiction over this matter.

 Respectfully, we disagree. The cases relied on by the lower courts are inapposite because they pre-date the Judicial Ar-

ticle of 1976. Section 113(6) of the Kentucky Constitution provides, "The district court shall be a court of limited jurisdiction and shall exercise original jurisdiction as may be provided by the General Assembly." Thus, the legislature, not this Court, determines the jurisdiction of the district court. Accordingly, in order to resolve the issue at bar, we must look to the appropriate statutes.

 In relying upon the phrase "except ... matters of equity" in KRS 24A.120(1), the circuit court gave no effect to the plain language of KRS 24A.120(2) & (3). "No rule of statutory construction has been more definitely stated or more often repeated than the cardinal rule that significance and effect shall, if possible, be accorded to every part of [an] Act." *George v. Scent*, Ky., 346 S.W.2d 784, 789 (1961). In relevant part, KRS 24A.120(2) & (3) provide:

> District court shall have exclusive jurisdiction in:
>
> ....
>
> (2) Matters involving probate, except matters contested in an adversary proceeding. Such adversary proceeding shall be filed in circuit court ... and
>
> (3) Matters not provided for by statute to be commenced in circuit court shall be deemed to be nonadversarial within the meaning of subsection (2) of this section and therefore are within the jurisdiction of the district court.

Subparts (1), (2), and (3) of KRS 24A.120 are separated by semicolons and appear to be three independant grants of jurisdiction. "We have a duty to accord to words of a statute their literal meaning unless to do so would lead to an absurd or wholly unreasonable conclusion." *Bailey v. Reeves*, Ky., 662 S.W.2d 832, 834 (1984). *See also Ky. Unemployment Ins. Comm'n v. Jones*, Ky.App., 809 S.W.2d 715, 716 (1991). Read literally, subparts (2) and (3) grant the district court original jurisdiction over nonadversarial matters involving probate. If the legislature had wanted the phrase "except ... matters of equity" found in subpart (1) to be an absolute limitation of the district court's probate jurisdiction, it easily could have placed the phrase in the prefatory language which applies to all three subparts, or it could have repeated the phrase in each subpart. It chose not to do so, and thus, we must conclude that the limitation does not apply to subparts (2) and (3).

Therefore, by the plain, literal meaning of KRS 24A.120, the district court has jurisdiction over the renunciation sought in this case. First of all, contrary to Appellee's contention, the renunciation of a will is a "matter involving probate." KRS 24A.120(2). Appellee relies upon the aforementioned quotation from Professor Merritt to create a rigid distinction between matters of "probate" and "administration," and then characterizes the renunciation of a will as "administration," which is beyond the scope of the district court's jurisdiction under KRS 24A.120. What Appellee fails to point out, however, is a statement in the very next paragraph of Professor Merritt's treatise: "The same court has jurisdiction over both processes." Merritt, *supra*, § 731, at 475.

Although clearly, the legislature may define "probate" however it chooses, we believe a surviving spouse's decision to forego his bequest under the will of his spouse and to choose instead to take his statutory portion of his spouse's estate is certainly a "matter involving probate" no matter how strictly the word "probate" is defined.

Secondly, this is not a matter contested in an adversary proceeding. *See* KRS 24A.120(2). No statute provides for the renunciation of a will by a guardian to be commenced in circuit court. KRS 24A.120(3). Our case law, including those cases cited by Appellee and relied on by the lower courts, also supports the notion that the renunciation of a will is not adversarial, but rather is a personal right. *Maess v. Greenfield*, Ky.App., 547 S.W.2d 777, 782 (1977); *Preece v. Queen*, Ky., 549 S.W.2d 507, 508 (1976); *Ramsey's Ex'r v. Ramsey*, Ky., 243 Ky. 202, 47 S.W.2d 1059, 1061 (1932); *Georgetown Nat'l Bank v. Ford*, Ky., 215 Ky. 472, 479, 285 S.W. 218, 221 (1926); *Miller v. Keown*, Ky., 176 Ky. 117, 195 S.W. 430, 433 (1917); *Harding's Adm'r v. Harding's Ex'r*, Ky., 140 Ky. 277, 280, 130 S.W. 1098 (1910).

 Were it not for the fact that a guardian had been appointed for Mr. Bell-

mar, Ms. Taylor would not participate in the renunciation decision at all. KRS 392.080. "[W]hen the election is made within the time allowed and in the proper manner, it is wholly immaterial what reasons induced the devisee to make the election. Its validity cannot be inquired into." *Harding's Adm'r*, 140 Ky. at 279, 130 S.W. 1098. In deciding to pursue a renunciation of a will on behalf of his ward, a guardian must behave in the manner in which an ordinary prudent man would conduct his own affairs. *Bohn v. Bohn's Guardian*, Ky., 229 Ky. 608, 612, 17 S.W.2d 712 (1929). In determining whether to allow the renunciation, the court must determine whether it is in the best interest of the ward. *Ramsey's Ex'r*, 47 S.W.2d at 1061. Certainly, an executor may wish to present evidence that a renunciation would not be in the ward's best interest if she so believes. However, this does not create an adversary proceeding. The only interest to be considered is that of the ward. *Id.* This is not a will contest in disguise. If the ward renounces the will, the executor may still give effect to the testator's remaining wishes to the extent possible.

Lastly, Appellee warns our holding will open Pandora's box by giving the district court jurisdiction over a plethora of cases outside the realm of the intent of the legislature. We disagree. We emphasize that our holding in this case is limited to the issue before it. Namely, a district court, under KRS 24A.120(2) and (3), has jurisdiction to give effect to the renunciation of a will by the guardian of an incompetant adult. We reach this conclusion from the plain, literal meaning of the words of the General Assembly.

Undeniably, the modern district court is capable of deciding whether a renunciation of a will is in a ward's best interest. The district court has jurisdiction over the probate of a will and the administration of both testate and intestate decedents' estates. KRS 24A.120(2); KRS 394.140; KRS 395.030. A copy of a spouse's renunciation of a will must be filed with the district court and the district court has the authority to extend the period for renunciation. KRS 392.080(1). Clearly, in this case, absurd and unreasonable consequences do not result

from our giving literal effect to the words of KRS 24A.120.

For the reasons set forth above, we reverse the circuit court's ruling and remand this case to the Jefferson District Court for further proceedings in accordance with the contents of this opinion.

LAMBERT, C.J., GRAVES and STEPHENS, JJ., concur.

COOPER, J., dissents by separate opinion, in which JOHNSTONE and WINTERSHEIMER, JJ., join.

COOPER, Justice, dissenting.

I agree with the majority that the Constitution of Kentucky has delegated to the General Assembly the authority to determine what jurisdiction shall be exercised by the district court. Ky. Const. § 113(6). I do not agree that the General Assembly has vested the district court with jurisdiction to exercise an incompetent surviving spouse's statutory right to elect against the will of his or her deceased spouse. KRS 392.080.

This issue has nothing to do with probate or administration, or even the powers of a guardian appointed pursuant to KRS 387.500, *et seq.* The right to elect against a will is personal to the surviving spouse, *Harding's Adm'r v. Harding's Ex'r*, 140 Ky. 277, 130 S.W. 1098, 1099 (1910), and a guardian has no right to elect against a will on behalf of his ward. Instead, that election can be exercised only by a *court of equity* upon a finding that to do so would be in the ward's best interests. *Ramsey's Ex'r v. Ramsey*, 243 Ky. 202, 47 S.W.2d 1059, 1061–62 (1932); *Miller v. Keown*, 176 Ky. 117, 195 S.W. 430, 432 (1917); *Maess v. Greenfield*, Ky.App., 547 S.W.2d 777, 782 (1977); *cf. Strunk v. Strunk*, Ky., 445 S.W.2d 145 (1969); *Harding's Adm'r v. Harding's Ex'r. supra*, at 1099. The district court is not a court of equity. In fact, matters of equity are specifically *excluded* from the jurisdiction of the district court. KRS 24A.120(1). This kind of action seeking a "substituted judgment" for the exercise of a personal right is usually brought in the form of a declaratory judgment action, *see DeGrella by and through Parrent v. Elston*, Ky., 858 S.W.2d 698 (1993), which must be brought in a court of

general jurisdiction, *i.e.,* the circuit court. KRS 418.040; KRS 23A.010(1).

Even if this action could be characterized as one involving "probate," the probate jurisdiction of the district court is limited to matters not contested in an adversary proceeding. KRS 24A.120; *West v. Goldstein,* Ky., 830 S.W.2d 379, 383 (1992); *Lee v.. Porter,* Ky.App., 598 S.W.2d 465, 467 (1980). This proposed election is being contested by the executrix of the deceased spouse's estate; thus, this is an adversary proceeding over which the district court has no jurisdiction. *Cf. Vega v. Kosair Charities Committee, Inc.,* Ky.App., 832 S.W.2d 895, 897 (1992).

Accordingly, I respectfully dissent and would affirm the decisions of the Jefferson District Court, the Jefferson Circuit Court, and the Court of Appeals.

JOHNSTONE and WINTERSHEIMER, JJ., join this dissenting opinion.