## Moorman, et al. v. Louisville Trust Company, et al.

(Decided October 8, 1918.)

### Appeal from Jefferson Circuit Court.

1.  Wills—Election to Take Under—How Exercised.—Election to take under a will is a purely personal right and must be exercised knowingly; hence it cannot be made by an infant or her guardian.

2.  Wills—Acceptance of Provisions—Contest.—Acceptance of the provisions of a will for support during infancy by the infant or her guardian is not an election to take under the will which will preclude a contest by the infant after attaining her majority.

HUMPHREY, MIDDLETON & HUMPHREY and TRABUE, DOOLAN & CRAWFORD for appellants.

HELM BRUCE, BEN F. WASHER, FRED FORCHT, LAWRENCE LEOPOLD and BRUCE & BULLITT for appellees.

PETITION FOR AN EXTENSION OF THE ORIGINAL OPINION IS SUSTAINED AND THE OPINION EXTENDED BY JUDGE CLARKE.

For the purpose of removing some doubt as to the effect of the acceptance by the infant, or her guardian, of the provisions made by the will for her support during infancy upon her right, after attaining her majority, to contest the will, the petition for an extension of the original opinion herein is granted.

There is no similarity whatever in the results from a contest of this will and the acceptance of its provisions for support during infancy. The provisions of the will in the non-contest clause impose the consequences of a contest, while the matter of election to take under the will and its consequences with reference to a future contest are controlled, not by any provision of the will, but by the law with reference to such elections. Under the will the infant must suffer the consequences of a contest whether made by her or for her, but under the law the consequences of accepting the provisions of a will depend upon the ability of the one making the acceptance to understand and exercise the legal right to accept or reject the will. This right, in the absence of controlling statutory provisions to the contrary, is purely personal, and to be binding as an election must be exercised know-

ingly; hence it cannot be exercised by one who cannot act *sui juris,* nor can it be exercised so as to bind such a person by the guardian, curator, committee or personal representative. (See notes in 17 L. R. A. 296, 35 L. R. A. (N. S.) 1210, 49 L. R. A. (N. S.) 1072 and 1108.)

Since we have no statute giving to the guardian the right to make such an election for his ward (Harding's Administrator v. Harding's Executor, 140 Ky. 277) it is clear the acceptance by the infant or her guardian of the provisions of the will for her support during infancy would not be an election or preclude a contest by the infant after becoming of legal age; and as the original opinion considered only the consequences of a contest, and affirmed a judgment which expressly preserved to the infant the right to make her election after attaining her majority, it could not be construed as otherwise limiting such right. The will expressly imposes upon the trustees the duty of supporting the infant properly and liberally without reference to her actions during infancy, except as to a contest, and this they must do so long as she is an infant and the will is effective; and it is quite immaterial whether or not the guardian is an intermediary in accomplishing this purpose of the will, and for accepting such provisions during infancy the infant is not chargeable, as an election, whatever, if any, equitable accounting might be required of her for sums so received, when she can and if she does elect to contest the will.