**HURLEY et al.**

v.

**BLANKENSHIP et al.**

Court of Appeals of Kentucky.

Jan. 15, 1954.

As Modified on Denial of Rehearing
March 12, 1954.

C. F. See, Jr., Louisa, for appellants.

Eldred E. Adams, Louisa, Diederich & Lycan, Ashland, for appellees.

CAMMACK, Justice.

We held in Hurley v. Blankinship, 313 Ky. 49, 229 S.W.2d 963, 21 A.L.R.2d 817, that R. F. Blankenship had properly executed a will. We held also that Mr. Blankenship had mental capacity to make a will, and that it was not the result of undue influence. After Mr. Blankenship executed his will, he deeded some of his property to those to whom he had given it in his will, including some of the beneficiaries who questioned the validity of the will. He made an unsuccessful attempt also to transfer certain stocks by deed.

Mr. Blankenship's will contained this provision:

"If any one tries to break or set aside any of its parts they shall have no part in my estate."

The will provided also that four named executors could divide any property not devised in the will, and that the decision of the executors would be a fulfillment of the will. Some of the property was not disposed of in Mr. Blankenship's will, and the one qualifying executor divided that property among the heirs who did not institute the contest proceeding.

After we had upheld Mr. Blankenship's will, the appellees instituted this action against those beneficiaries who had initiated the contest proceeding, to invoke the forfeiture or "no contest" provision. The chancellor upheld that provision, and also approved the division of the undisposed property by the executor to those who had not instituted the contest proceeding.

■■ The appellants insist that, since the contest proceeding was instituted in good faith, because of the question as to whether Mr. Blankenship had duly executed a will, the forfeiture provision should not be invoked against them. They urge further that, even if the forfeiture provision be invoked, it should not apply to any property not specifically devised by Mr. Blankenship.

There was serious question as to whether Mr. Blankenship had actually executed a will. Certainly, no one should be penalized for having that question finally adjudicated. But a different situation exists as to the questions of mental capacity and undue influence. As said in 57 Am.Jur., Wills, section 1511, forfeiture or "no contest" provisions in wills are generally held to be valid, but in most jurisdictions they are construed strictly and without extension beyond their express terms. In Moorman v. Louisville Trust Company, 181 Ky. 30, 203 S.W. 856, and extended in 181 Ky. 566, 205 S.W. 564, it was pointed out that a forfeiture provision in a will is not void. See also Andrew's Ex'x v. Spruill, 271 Ky. 516, 112 S.W.2d 402. Therefore, the chancellor was correct in upholding the forfeiture provision.

■■ It was proper also not to disturb the transfer of real estate by Mr. Blankenship to certain named legatees. The transfer of stocks by deed could not be, and was not, upheld. We think, however, that it was error to extend the forfeiture provision to the properties not specifically devised by Mr. Blankenship, because the power to divide any undevised property was given to four named persons. Since only one of them qualified as executor, we think it was error to permit him to make the division. Had all four of the parties qualified as executors we would be confronted with another question.

Judgment reversed, with directions to set it aside, and for the entry of a judgment consistent with this opinion.